**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

FEB - 7 2003

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| LOUIS JAMES CAPWELL, Individually, ALEXANDER STEVEN CAPWELL, A Minor by Next Friend Anne Ward, and ANNE WARD, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES GARY WARD, <br><br> Defendant. | Civil Action No. 2:02-0007-WCO |

## PLAINTIFFS' NOTICE OF SERVICE OF SECOND AMENDED RULE 26 REPORT OF TIM F. AGNEW

Plaintiffs Louis James Capwell, Alexander Steven Capwell, and Anne Ward ("Plaintiffs"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26, hereby serve upon all parties the Second Amended Rule 26 Report of Tim F. Agnew, attached hereto.

This 6th day of February, 2003.

HOLLAND & KNIGHT LLP

By: /s/ William M. Rich

Alfred B. Adams, III
Georgia Bar No. 002300
William M. Rich
Georgia Bar No. 603800

Attorneys for Plaintiffs

One Atlantic Center
Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-8500
(404) 881-0470 (Facsimile)

ATL1 #563349 v1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LOUIS JAMES CAPWELL, Individually, <br> ALEXANDER STEVEN CAPWELL, <br> A Minor by Next Friend Anne Ward, <br> and ANNE WARD, Individually, <br><br> Plaintiffs, <br> vs. <br><br> JAMES GARY WARD, Individually <br> and as Executor of the <br> Estate of Irma Ward Webb, <br><br> Defendant. | Civil Action No. 2:02-0007-WCO |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing **PLAINTIFFS' NOTICE OF SERVICE OF SECOND AMENDED RULE 26 REPORT OF TIM F. AGNEW** on the following parties by delivering same to by manner of service as indicated below:

Larry A. Ballew, Esq.
Suite 702
327 Dahlonega Road
Cumming, Georgia 30040
(Via United States Mail and Facsimile)

3

James L. Paul, Esq.
Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E.
9th Floor
Atlanta, Georgia 30303
(Via Hand Delivery)

This 6th day of February, 2003

William M. Rich
Georgia Bar No. 603800
Of Counsel for Plaintiffs

4

# SMITH & HOWARD

*Certified Public Accountants and Advisers*

February 6, 2003

Mr. William M. Rich
Mr. Alfred B. Adams, III
Holland & Knight LLP
One Atlantic Center
1201 West Peachtree Street, N.E.
Suite 2000
Atlanta, GA 30309-3400

RE: Capwell v. Ward

## Expert Witness Report of Timothy F. Agnew (Amended)

### Administrative items & Background

The following is my expert witness report. I am a tax partner with the public accounting firm of Smith & Howard, PC located at 1795 Peachtree St. N.E. Suite 300 Atlanta, GA 30309. I have been employed there since December of 1991. I have a Bachelors degree in Accounting and a Masters degree in Taxation both from Georgia State University. I also have the following professional designations: Certified Public Accountant, Personal Financial Specialist, and Certified Financial Planner. I specialize in income, estate and gift taxation, as well as overall financial planning. I have not testified in other cases as an expert witness within the preceding four years. I am being compensated at my standard hourly rate of $302 per hour.

### Purpose

I have been engaged by Holland & Knight LLP to provide a report and testimony regarding estate tax matters pertaining to the Estate of Irma C. Webb. This includes my analysis of the tax consequences to Mrs. Webb's grandchildren of failing to make a qualified terminable interest property election (QTIP). Please find attached Exhibit A, which lists all documents I have reviewed relating to this matter as of today.

### History

Mrs. Irma Webb died on June 2, 2000. She was survived by her two children Mr. Gary Ward, Ms. Anne Ward, her four grandchildren Louis James Capwell, Alexander Steven Capwell,

Mr. William M. Rich
Mr. Alfred B. Adams III
February 6, 2003
Page 2 of 3

Nicholas Ward, Sydney Ward and her second husband Mr. Lawrence Webb. Mrs. Irma Webb was predeceased by her first husband Mr. James Ward. Upon the death of her first husband, a marital trust for the benefit of Mrs. Irma Webb was established and funded. Upon Mrs. Webb's death, the value of her assets exceeded her available estate tax exemption and accordingly an Estate Tax Return (Form 706) was filed by her Executor Mr. Gary Ward on January 30, 2002. The assets were taxed on their value six months after Mrs. Webb's date of death, otherwise referred to as the alternate valuation date. During February of 2001 Mrs. Webb's second husband, Mr. Lawrence Webb, passed away.

**Opinion**

I have prepared and attached Exhibit B, which compares the actual estate taxes paid by the Estate of Irma Webb with a hypothetical case. The hypothetical case analysis contains three assumptions as provided by Mr. Rich and Mr. Adams. The first assumption is that the Irma Ward Residence Trust was never created, and that all real estate would be part of the residual estate. The second assumption is that all amounts reported from 1998 – 2000 as gifts to Mr. & Mrs. Gary Ward were not gifts but in fact loans or inappropriate withdrawals from the trust and, thus, assets of Mrs. Webb's trust. The third assumption is that the maximum QTIP election was made, thus deferring the taxation of those assets to Lawrence Webb's estate. Technically, an executor must elect out of QTIP treatment on schedule M of form 706. Schedule M of form 706 discloses which assets are passing under the marital deduction to the surviving spouse. For simplicity's sake, I will discuss the QTIP treatment in terms of making a valid QTIP election. I have not been asked to provide an opinion or research whether or not the QTIP election is still available as a planning option. Based on the defendant's answers to plaintiffs' third interrogatories, Mr. Lawrence Webb had no assets upon his death. Therefore, his entire estate tax exemption ($675,000) would have been available to shelter assets included in his estate under a valid QTIP election for the estate of Mrs. Irma Webb. The net estate tax liability reduction to the Estates of Mrs. Irma Webb and Mr. Lawrence Webb based on these assumptions would be approximately $117,000 (see exhibit B).

Additionally, I have calculated the amount each of Mrs. Irma Webb's four grandchildren would have received from the trust based on these assumptions. Exhibit C sets forth the details of this calculation. Based upon the above referenced assumptions, Mrs. Webb's residual estate would have been valued at $1,770,692 (see Exhibit B). The Executor would have then paid all debts and expenses from the residual estate pursuant to Item V of Mrs. Webb's Last Will and Testament in the amount of $653,113 (see Exhibit B). Thus, the balance remaining after all expenses and debts would equal $1,117,579. This amount represents the maximum amount available to qualify under a QTIP election. Pursuant to Item III of Mrs. Webb's Last Will and Testament, her residuary estate would be treated and disposed of as part of the trust estate created under a Trust Agreement dated February 4th, 1981 known as the Supplemental Trust Agreement. The Supplemental Trust agreement provides under Items 2 and 3 that if Irma Webb is survived by Lawrence Webb all assets in this trust would be held for his benefit for life with income distributed to him in quarter-annual installments. It is the language in Items 2 and 3 which allows for a QTIP election. If a valid QTIP had been made by the Estate of Irma Webb, the entire amount would have been included and taxed in the estate of Lawrence Webb when he died. The Supplemental Trust further provides that upon the death of Lawrence Webb the remaining trust assets are to be split

Mr. William M. Rich
Mr. Alfred B. Adams III
February 6, 2003
Page 3 of 3

equally for the benefit of the grandchildren of Irma Webb. Assuming no increase or decrease in this value over Mr. Lawrence Webb's remaining life expectancy and that Mr. Webb had no debts and modest final expenses of $10,000, his taxable estate would have equaled $1,107,579. The related estate taxes would have equaled $169,357. Therefore, the net after-tax inheritance to be split equally among Mrs. Webb's four grandchildren would have been $938,222.

Lastly, I have reviewed a letter dated February 22, 2001, from Mr. Christopher Kottke to Mr. Gary Ward. This letter discusses four possible filing scenarios for Mrs. Webb's estate.

The first scenario is the closest to the attached Exhibit B. Under the first scenario, all of Mr. Gary Ward's borrowings would be treated as assets of Irma Ward's estate and a QTIP election would be made. This scenario results in the lowest estate tax, the largest inheritance going to grandchildren and the smallest inheritance going to Mr. Ward.

Scenario number two discusses only treating $200,000 (more accurately $240,000) of the borrowings as loans thus reducing the assets available for the QTIP election and increasing the overall estate taxes. This also reduces the grandchildren's inheritance and increases assets passing to Mr. Gary Ward.

Scenario number three discusses treating all prior borrowings as gifts to Mr. Gary Ward thus reducing the amount available for the QTIP election to $309,000. This scenario further increases the overall estate tax liability and further reduces the grandchildren's inheritance.

The fourth and final scenario discusses eliminating the use of the QTIP election and treating all prior borrowings as gifts. This scenario produces the largest overall estate tax and eliminates the grandchildren's inheritance since all of the residuary estate would be used to pay estate taxes. The letter goes on to state that this scenario has significant litigation risk. Ultimately, the estate tax return was prepared and filed using this methodology.

This was just a brief summary of the above referenced letter pending further information and analysis. I reserve the right to comment on this letter in greater detail.

I respectfully submit this document as my expert witness report for the above referenced matter.

Sincerely,

Tim F. Agnew

# Exhibit A

1. United States Estate (and Generation-Skipping Transfer) Tax Return (Amended) for the Estate of Irma C. Webb and related attachments.
2. Last Will and Testament of Irma Ward Webb dated February 2nd, 1981.
3. Trust Agreement dated March 19th, 1969 created by decedent's husband James A. Ward referred to as the Marital Trust.
4. Supplemental Trust Agreement dated February 2nd, 1981 created by decedent referred to as the Revocable Trust.
5. Trust Agreement dated October 27th, 1997 created by decedent referred to as the Irma Webb Residence Trust.
6. Memo from William Rich summarizing assets included in amount reported on Estate Return for the Irma Webb Residence Trust and a summary of 1998 – 2000 gift tax returns.
7. Copy of letter from Christopher L. Kottke dated February 22nd, 2001 to Mr. Gary Ward outlining various filing scenarios and projected outcomes.
8. Copies of hand written work-papers relating to item #7.
9. Copies of hand written notes believed to be taken by Mr. John A. Gram from meeting a meeting on February 19th, 2001 with Mr. & Mrs. Gary Ward.
10. Copy of letter from Christopher L. Kottke dated June 18th, 2001 to Mr. Gary Ward regarding filing estate tax return and apportionment of taxes.
11. Copy of Defendant's answers to plaintiffs' third interrogatories to defendant.
12. Copy of Defendant's answers to plaintiffs' second interrogatories to defendant.
13. United States Estate (and Generation-Skipping Transfer) Tax Return (as originally filed) for the Estate of Irma C. Webb and related attachments.
14. Copy of letter from Christopher L. Kottke dated June 25, 2001 to Mr. Gary Ward regarding filing estate tax return and apportionment of taxes.
15. 1998-2000 Gift Tax Returns of Irma Ward Webb and Lawrence Webb

ATL1 #563301 v2

## Exhibit B

**Estate of Irma Webb**

| Estate of Irma Ward (DOD 6/2/00) | Alternate Valuation | | |
|---|---|---|---|
| Personal Property | 4,250 | | Per schedule F of 706 |
| Residual Estate* (includes Real Estate) | 1,770,692 | | Per schedule G of 706 + Real Estate + Loans |
| Marital Trust (created by James A. Ward) | 779,000 | | Per Schedule H of 706 |
| Gross Estate | | 2,553,942 | |
| Funeral & Adminstration Expenses | 63,031 | | Paid out of Residue Per Item V of Will |
| Debts | 590,082 | | Paid out of Residue Per Item V of Will |
| Marital Deduction (QTIP) | 1,117,579 | | |
| Total allowable deductions | | 1,770,692 | |
| Taxable Estate | | 783,250 | |
| Adjusted Taxable Gifts (revised) | | - | |
| Tentative Tax | | 261,268 | |
| Less: Maximum unified Credit | | 220,550 | |
| Tax Due (Would be paid by Marital Trust) | | 40,718 | |

* Assumes residence trust was never created and gifts never made. Also, assumes all asterisked property qualified for marital deduction with a QTIP election.

| *Residual Estate | | |
|---|---|---|
| Revocable Trust | 509,000 | |
| Condo #1 | 117,000 | |
| Condo #2 | 96,000 | |
| Home | 420,000 | Gross of debt and selling expenses |
| Amounts due from Gary Ward | 628,692 | |
| Total Real Estate & Loans Receivable | 1,770,692 | |

**Estimated Estate of Lawrence Webb (DOD 2/01)**

| | | | |
|---|---|---|---|
| QTIP Marital Trust | 1,117,579 | | Assumes flat value |
| Other Assets | - | | Zero based on letter |
| Gross Estate | | 1,117,579 | |
| Funeral & Adminstration Expenses | 10,000 | | Estimate |
| Debts | - | | Estimate |
| | | 10,000 | |
| Taxable Estate | | 1,107,579 | |
| Adjusted Taxable Gifts (revised) | | - | |
| Tentative Tax | | 389,907 | |
| Less: Maximum unified Credit | | 220,550 | |
| Tax Due | | 169,357 | |
| | | | |
| Total Tax as orignally Filed | | 327,272 | |
| Revised tax liability | | 210,075 | |
| Difference | | 117,197 | |

# Exhibit C

Estate of Irma Webb

Projected Inheritance Amounts

| | |
|---|---:|
| QTIP Assets | 1,117,579 |
| Less: Estimated Final Expenses | (10,000) |
| Less: Estate Taxes | (169,357) |
| Net Inheritance under Revocable Trust | 938,222 |
| | |
| Share per beneficiary (4 Grandchildren) | 234,556 |

These calculations assume no income, expenses, gain or loss
since Mrs. Webb's death.